ASCENSION LAW GROUP
PAMELA TSAO( 266734)
12341 Newport Ave
Suite B200
Tustin, CA 92705
PH: 714.783.4220
FAX: 888.505.1033
Pamela.Tsao@ascensionlawgroup.com

Attorneys for Plaintiff  ASCENSION LAW GROUP, PC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENSION LAW GROUP, PC, a California corporation and on behalf of all others similarly situated<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>　　　　　Defendants. | Case No.:  8:23-cv-2099<br><br>**COMPLAINT FOR**<br><br>**(1) BREACH OF IMPLIED CONTRACT**<br><br>**(2) RECOVERY OF UNAUTHORIZED PAYMENT UNDER UCC §§ 3-401, 3-403; 4-401**<br><br>**(3) UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES**<br><br><br>DEMAND FOR JURY TRIAL<br><br>CLASS ACTION |

**CLASS ACTION COMPLAINT**

Plaintiff Ascension Law Group, PC ("Plaintiff") by and on behalf of all others similarly situated, upon both personal knowledge and information and belief, and based upon the investigation made by his attorneys, which included a review of Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S ("Defendant") company policies hereby alleges as follows:

## I.
## INTRODUCTION

This is a consumer class action case concerning unfair and fraudulent practices carried out by the Defendant in their policies and procedures governing the handling of check fraud when committed against their customers as well as misappropriating client's funds when there are accounting errors. Specifically, Defendant improperly pays out fraudulent checks, in breach of their contract with their customers, and then refuses to bear the loss on that breach, which is a violation of California state law. Moreover, Defendant improperly takes advantages of accounting errors to hold funds of its account holders which do not belong to them.

## II.
## SUMMARY

**1.**     In and around November 2022, Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant" or "Chase") wrongfully authorized payment from Plaintiff Ascension Law Group's business checking account ("Tsao") to pay four fraudulently cashed checks. Despite the checks having been stolen and not cashed by the actually payee *and* despite the checks not being endorsed by the payee, Chase nonetheless paid the fraudulent accounts from Plaintiff's business checking account with Chase. Chase now refuses to reimburse Tsao for the checks that Chase fraudulently cased.

**2.**     On November 11, 2022 Plaintiff immediately notified Chase of the fraudulent checks and opened a fraud claim. Plaintiff also submitted a "Declaration of Unauthorized Endorsement or Altered Item." Chase acknowledged that the checks had not been properly endorsed and acknowledged that despite this Chase had authorized payment of the check. Thereafter, Chase contacted the first bank who had authorized the check and stated that the first bank acknowledged

fault. Chase explained that Chase would work with the first bank on recovering the funds and that the investigation would take 60-90 days.

3. On March 31, 2023, Plaintiff received a letter from Chase regarding the status of Plaintiff's claim. The letter in relevant part stated that "As we explained when we opened your claim, the depositing bank is responsible for repayment. We will continue to follow upon your behalf. However, if we haven't heard anything from the depositing back within 90 days of the date of your claim submission, we will close your claim and your funds will not be recovered."

4. Additionally, in and around October 2023, Plaintiff wrote a check to a recipient that had mismatched amounts. Specifically, in the numerical value of the check the amount to be paid was $1,000. Plaintiff inadvertently wrote the amount to be paid was $10,000. Thereafter Chase Fraud Department required Plaintiff to review the check noting that the amount to be paid was $10,000. At that point, Plaintiff recognized the discrepancy in the amount and authorized payment of the check but for $1,000 instead of $10,000. Chase bank fraud acknowledged the discrepancy and acknowledged the discrepancy and confirmed that it would only pay $1,000 on the account. Despite this, Defendant continued to show a $10,000 debit on Plaintiff's account. When Plaintiff reached out to the recipient of the check, the recipient advised Plaintiff that the bank had only credited their account for $1,000 and not $10,000. When Plaintiff attempted to reach Chase to get the correct amount credited Defendant refused.

5. Plaintiff seeks damages, injunctive and declaratory relief, attorney's fees and costs pursuant to California's Unfair Competition Law is found in Business & Professions Code sections 17200 et. seq. against Defendant.

### III.
### JURISDICTION

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(d) because (i) there are more than 100 class members; (ii) there is an aggregate amount in controversy exceeding $100,000.00 exclusive of interest and costs; and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court has supplement jurisdiction

over the state law claims stated in this Class Action Complaint pursuant to 28 U.S.C. § 1367.

## IV.
## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) as substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in the Central District of California.

## V.
## PARTIES

8. Defendant, J.P. MORGAN CHASE BANK, N.A. ("CHASE"), is a National Bank located in Columbus, Ohio, and doing business in the State of California. It is registered as a National Bank with the Office of the Comptroller of the Currency.

9. CHASE was the bank responsible for managing Plaintiff's business accounts at all times relevant in this Complaint.

10. Plaintiff Ascension Law Group, PC is a business and account holder at Chase Bank N.A. At all times relevant in this Complaint, Plaintiff was and is a business duly authorized to operate in Orange County, California.

## VI.
## FACTS

11. In and around November 2022, Defendant Chase Bank (N.A.) ("Chase") wrongfully authorized payment from Plaintiff's business checking account to pay four fraudulently cashed checks. Despite the checks having been stolen and not cashed by the actually payee *and* despite the checks not being endorsed by the payee, Chase nonetheless paid the fraudulent accounts from Plaintiff's business checking account with Chase. Chase now refuses to reimburse Plaintiff for the checks that Chase fraudulently cased.

12. On November 11, 2022 Plaintiff immediately notified Chase of the fraudulent checks and opened a fraud claim. Plaintiff also submitted a "Declaration of Unauthorized Endorsement or Altered Item." Chase acknowledged that the checks had not been properly endorsed and

acknowledged that despite this Chase had authorized payment of the check. Thereafter, Chase contacted the first bank who had authorized the check and stated that the first bank acknowledged fault. Chase explained that Chase would work with the first bank on recovering the funds and that the investigation would take 60-90 days.

13. On March 31, 2023, Plaintiff received a letter from Chase regarding the status of Tsao's claim. The letter in relevant part stated that "As we explained when we opened your claim, the depositing bank is responsible for repayment. We will continue to follow upon your behalf. However, if we haven't heard anything from the depositing back within 90 days of the date of your claim submission, we will close your claim and your funds will not be recovered."

14. On June 8, 2023, Plaintiff received a letter from Defendant stating that "Unfortunately, we have not been able to recover your funds because the depositing bank has not responded to us. WE are closing yoru clain but will credit your account immediately if we receive payment from the depositing bank. If you want to pursue this on your own, please contact the depositing bank directly."

15. Plaintiff seeks damages, injunctive and declaratory relief, attorney's fees and costs pursuant to California's Unfair Competition Law found in Business & Professions Code sections 17200 et. seq. and California Code Civil Procedure section 1021.5 against defendant Chase Bank N.A. ("Defendant").

1.

**FIRST CAUSE OF ACTION: RECOVERY OF AMOUNTS IMPROPERLY CHARGED TO ACCOUNT – CHECK UNENDORSED and/or FORGED SIGNATURE pursuant to UCC §§ 3-401, 3-403; 4-401**

16. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth herein.

17. Defendant is authorized to charge the account for checks properly drawn in accordance with the signature card, Plaintiff's instructions, and the laws governing checks and

checking accounts.

18. Defendant violated its implicit duty under California Commercial Code § 4401 to pay only checks "properly payable." Here, Defendant paid a check to an individual who was not the intended payee on a check that had no endorsement or otherwise forged endorsement.

19. Defendant also improperly paid the wrong amount to a separate recipient and refuses to bear the loss for that amount.

### 2.
### SECOND CAUSE OF ACTION: BREACH OF IMPLIED CONTRACT

20. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs herein.

21. Plaintiff is a customer of Defendant's banks. Defendant authorized the payment of checks from Plaintiff's account despite such checks never being endorsed by the payee, and never having been authorized by Plaintiff.

22. Defendant is under a duty to pay checks only in strict accordance with its Plaintiff's orders. The bank is without authority to charge its customer's account with an unauthorized order, and payment of such is said to have been made out of the bank's own funds.

23. Defendant's payment of a check with an unauthorized signature is not properly payable, and Defendant breached its agreement with its customer when paying such an item.

24. There is an express or implied agreement between the Defendant and Plaintiff that Defendant will only charge the depositor's account according to Plaintiff's order. If Defendant pays an instrument with a forged signature, contrary to the depositor's order or without his authority, the bank is said to have paid from its own funds rather than from the depositor's account.

### 3.
### THIRD CAUSE OF ACTION: UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES
(California Business & Professions Code §§ 17200, *et seq.*).

5
**CLASS ACTION COMPLAINT**

25. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth herein.

26. Plaintiff asserts this cause of action on behalf of himself and on behalf of the Class.

27. The Unfair Competition law defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California Business and Professions Code § 17200, *et seq*. The act also provides for injunctive relief and restitution for violations,.

28. Defendant violated and continues to violate, California Business and Professions Code § 17200, et seq, by misrepresenting its obligations and liabilities to account holders regarding the payment of fraudulent accounts. Moreover, Defendant's failure to immediately return to the funds to its customers upon discovering that payment of fraudulent checks were unauthorized is a violation of California Business and Professions Code § 17200, et seq.

29. The loss incurred from the payment of a forged or unauthorized check lies with Defendants. Despite this, Defendant continues to lie to its customers that the obligation and loss in fact lies with the customer. By engaging in the above described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200, et seq.

30. Defendant's acts and practices as described herein have deceived and/or likely to deceive members of the public.

31. The acts and practices of Defendant are also unlawful because they constitute violations of the UCC §§ 3-401, 3-403; 44011.

32. Unless Defendant is enjoined from continuing to engage in unlawful, unfair, fraudulent, and deceptive business acts and practices as described herein, Plaintiff and the Class Members will continue to be damaged by Plaintiff's unfair competition.

///

///

///

///

33. Defendant, through its acts of unfair competition, has acquired money from members of the proposed Class. Thus Plaintiff and the members of the Class request this Court disgorge and restore this money to them and enjoining Defendant from continuing to violate California Business and Professions Code § 17200, et seq.

ASCENSION LAW GROUP, PC

DATE: November 8, 2023

__/s/ Pamela Tsao_____

Pamela Tsao, attorney for Plaintiff

ASCENSION LAW GROUP, PC

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

ASCENSION LAW GROUP, PC

DATE: November 8, 2023

　/s/ Pamela Tsao

Pamela Tsao, attorney for Plaintiff

ASCENSION LAW GROUP, PC